IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARRETH GRAHAM,<br><br>           Petitioner,<br><br>vs.<br><br>STATE OF HAWAII,<br><br>           Respondent. | CIV. NO. 23-00212 JMS-WRP<br><br>ORDER DENYING PETITIONER'S MOTION FOR WRIT OF MANDAMUS, ECF NO. 1 |

### ORDER DENYING PETITIONER'S MOTION FOR WRIT OF MANDAMUS, ECF NO. 1

Before the court is pro se Petitioner Garreth Graham's ("Petitioner") Motion for Writ of Mandamus. ECF No. 1. Petitioner, a State of Hawaii inmate currently incarcerated at the Saguaro Correctional Center in Eloy, Arizona, requests this court to order the First Circuit Court, State of Hawaii, to rule on a petition that he filed pursuant to Hawaii Rules of Penal Procedure 40, and other "motions" and "filings." For the following reasons, the Motion for Writ of Mandamus is DENIED without leave to amend.

### I. STATUTORY SCREENING

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen all civil actions filed by prisoners seeking redress from a government entity or an officer or employee of a government entity. *See Chavez v. Robinson*, 817 F.3d

1162, 1168 (9th Cir. 2016).  During screening, the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915A(b); *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  "If the . . . court determines that any of these grounds is satisfied, it must dismiss the case, and enter a 'strike' against the plaintiff prisoner."  *Byrd*, 885 F.3d at 641.

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *See Neitzke*, 490 U.S. at 327.  A claim is not legally frivolous unless there is "controlling authority requiring a holding that the facts as alleged fail to establish even an arguable claim as a matter of law."  *Guti v. U.S. I.N.S.*, 908 F.2d 495, 496 (9th Cir. 1990) (per curiam).

During screening, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  When it is clear a claim cannot be saved by

amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  DISCUSSION

Petitioner seeks an order directing the First Circuit Court, State of Hawaii, to rule on an HRPP 40 petition, "motions," and other "filings."  This court cannot provide Petitioner with the relief that he seeks.

"Although the common-law writ of mandamus has been abolished in the district courts, the Mandamus Act grants district courts 'original jurisdiction of any action in the nature of mandamus' against a federal officer or agency."  *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (quoting 28 U.S.C. § 1361) (citations omitted).  Section 1361 "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984) (citations omitted).  As the Ninth Circuit has stated, "[a]n order pursuant to § 1361 is available only if (1) the claim is clear and certain; (2) the official's or agency's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  *Plaskett*, 18 F.4th at 1081 (internal quotation marks and citations omitted) (alteration in original).

It is well established, however, that federal courts have no authority to issue writs of mandamus to state courts or their judicial officers in the performance of their duties.  *See Clark v. State of Washington*, 366 F.2d 678, 681–82 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"); *Hodges v. Cir. Ct. of Second Cir.*, 2019 WL 6311986, at *2 (D. Haw. Nov. 25, 2019) (denying as legally frivolous a mandamus action seeking an order commanding a state court to rule on a motion to dismiss and an HRPP 40 petition); *see also Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *Lamar v. 118th Judicial Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971) (per curiam) (same); *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 802 (D. Ariz. 2021) ("Federal courts have no jurisdiction or authority—under the Federal Mandamus Act—to issue mandamus to direct non-federal entities or officials in the performance of their duties.") (internal quotation marks and citations omitted).  As a result, actions which seek "to obtain a writ in this court to compel a state court to take or refrain from some action . . . are frivolous as a matter of law." *Demos v. U.S. Dist. Ct. for E. Dist. of Wash.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991).

Because this court has no authority to provide the relief Petitioner seeks, and because any amendment would be futile, the Motion for Writ of Mandamus, ECF No. 1, is DENIED without leave to amend. The court's May 15, 2023 Deficiency Order, ECF No. 2, is VACATED as moot. The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 17, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Graham v. State of Hawaii,* Civ. No. 23-00212 JMS-WRP Order Denying Petitioner's Motion for Writ of Mandamus, ECF No. 1